Rose K. Lafferty, Plaintiff, *v.* Jennie Disalvo and Another, Defendants.

Supreme Court, Kings County, January 11, 1932.

*Matthew W. Wood,* for the plaintiff.

Defendant not represented.

Dike, J.  The application is for an order confirming and approving the account of a receiver, and directing the plaintiff in this foreclosure action to pay to the receiver the amount of his compensation and disbursements, as well as to pay the member of the bar acting as attorney for such receiver the amount of his fees, which shall be fixed by the court and then, furthermore, discharging said receiver and canceling his bond.

The application for the appointment of this receiver was without notice, following a provision contained in the mortgage itself.  The premises consisted of a one-family dwelling and garage, occupied by the owner of the premises, who refused to pay rent.

It appears that on November 11, 1931, this action was settled by the delivery of a full covenant and warranty deed to the above-named plaintiff by the defendant and under date of November 13, 1931, an order was duly made by this court discontinuing the above-entitled action and directing the cancellation and discharge of the notice of pendency of the action therein.  The consideration for this agreeable settlement and adjustment was the waiving by the plaintiff of any claim for rent from the owner, together with certain other valuable considerations accruing to the plaintiff.  In this desirable

result the receiver says that he was active in aiding and assisting to bring this about.

The receiver now finds himself without funds, however, and makes application to the court in this devestating dilemma, urging that as officer of the court he could not be eliminated by the action of the plaintiff and the owner, leaving him without means of repaying his counsel or receiving reasonable allowance for his services.

The situation shows that the plaintiff requested this court to appoint a receiver, and evidently has benefited by the arrangement above set forth and, in fact, the arrangement itself has obviously deprived the receiver of the fund from which he might have secured compensation for himself and his counsel. The law does not permit an officer of the court to be thus lightly eliminated. The court does not question the desirability of the settlement and adjustment between the plaintiff and the owner, but it cannot permit the plaintiff to ignore the just claim of the receiver, plaintiff having sought and obtained the appointment of this officer of the court to serve him.

The law sustains the present application. In the case of *McHarg* v. *Commonwealth Finance Corp.* (195 App. Div. at p. 865) the court, by LAUGHLIN, J., said: " The receivers were officers of the court and they were appointed as such at the instance of the plaintiff, who presented facts showing a *prima facie* case for their appointment. It is the duty of the court to protect and enforce the rights of its receivers. If the action had been continued and the theory on which they were appointed was sustained, their expenses and their commissions would come out of the funds of which they were given the custody; but where, as here, plaintiff relieves the corporation and other defendants from all liability by stipulating for a discontinuance, he personally thereby assumes responsibility for the payment of the services and disbursements of the receivers, and the value and amount thereof may be determined by the court by a reference and he should be required to pay the same."

The general provision is stated above. A reference is not required under the facts set before the court. It becomes the duty of the court to make a proper allowance.

In this case, where the mortgage was for $5,900, I, therefore, in granting the motion, fix the compensation of the receiver at seventy-five dollars, and a counsel fee of fifty dollars. Order signed.